JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEROME P. WILSON, | No. ED CV 20-682-GW (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION AS SUCCESSIVE** |
| STU SHERMAN, Warden, | |
| Respondent. | |

**I.**

**BACKGROUND**

On April 2, 2020, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "2020 Petition"). The Petition challenges his 1999 conviction in the San Bernardino County Superior Court, case number FWV012851, for second degree burglary (Cal. Penal Code § 459), second degree robbery (Cal. Penal Code § 211), assault with a deadly weapon (Cal. Penal Code § 245), and personal use of a firearm (Cal. Penal Code § 12022.5(a)). (ECF No. 1 at 2). The 2020 Petition sets forth three grounds for relief: (1) petitioner was given two "strikes" for one act; (2) petitioner was impermissibly sentenced for three "strikes"; and (3) petitioner was identified pursuant to an illegal lineup. (Id. at 5-6).

Petitioner has filed numerous federal habeas petitions challenging his 1999 conviction. His first petition, filed on October 22, 2001, in case number ED CV 01-809-R (PLA) (the "2001 Petition"), raised the following grounds for relief: (1) the eyewitness identifications were tainted by an impermissible in-field lineup, and the trial court improperly denied his motion for a lineup; and (2) the trial court violated petitioner's right to due process when it failed to grant petitioner's motion to exclude the in-court identifications of petitioner, because the in-field lineup was impermissibly suggestive. (See ED CV 01-809, ECF No. 57). The 2001 Petition was denied and dismissed with prejudice on the merits pursuant to the judgment entered on March 11, 2003. (Id., ECF No. 59). On October 19, 2005, the Ninth Circuit affirmed the judgment. (Id., ECF No. 70).

On January 4, 2007, petitioner filed another habeas petition in this Court, in case number ED CV 07-14-R (PLA) (the "2007 Petition"). After respondent filed a motion to dismiss, petitioner moved to withdraw the 2007 Petition, conceding that the 2007 Petition was successive and he had failed to seek permission from the Ninth Circuit to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). (See ED CV 07-14, ECF Nos. 24, 25, 27). On June 6, 2007, the Court granted petitioner's request and dismissed the 2007 Petition without prejudice. (Id., ECF No. 28).

Nearly eight years later, on March 24, 2015, petitioner filed his third petition in this Court in case number ED CV 15-563-R (PLA) (the "2015 Petition"). The 2015 Petition raised numerous claims, including: (1) ineffective assistance of appellate counsel for failing to argue that trial counsel was ineffective for failing to object to petitioner's illegal sentence; (2) the trial court erred in refusing to recall petitioner's twenty-five years to life sentence, which was imposed but stayed; (3) the sentencing court violated petitioner's statutory and constitutional rights by imposing an excessive sentence; (4) the trial court acted in excess of its jurisdiction; (5) the sentencing court breached a 1992 plea agreement; (6) the abstract of judgment was not sufficient evidence to prove a prior conviction; and (7) the superior court and court of appeal failed to act when they denied petitioner's petition for habeas corpus, in violation of the 14th Amendment. (ED CV 15-563, ECF No. 1 at 5-16). On June 12, 2015, the 2015 Petition was summarily dismissed without prejudice as successive. (Id., ECF No. 12).

## II.

## **DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In the 2020 Petition, petitioner challenges the same conviction that he challenged in each of his previous federal petitions discussed above. Given that petitioner's 2001 Petition was dismissed on the merits with prejudice, and his 2015 Petition was dismissed as successive, the Court concludes that the instant Petition is also successive. Although it does not appear that petitioner satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B), even if he could make such a showing, he is still required -- as he was clearly advised in the Court's prior Order dismissing his 2015 Petition -- to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has

obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the 2020 Petition. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2020 Petition without prejudice as successive is appropriate.[1]

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: April 10, 2020

                        HONORABLE GEORGE H. WU
                        UNITED STATES DISTRICT JUDGE

---

[1] As petitioner has been previously advised, if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

4